[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is plaintiff's appeal of a decision of the Rhode Island Department of Human Services (DHS) denying plaintiff's application for AFDC benefits. In addition, plaintiff seeks declaratory relief pursuant to § 42-35-7. This court is granted jurisdiction to hear this appeal pursuant to G.L. 1956 (1988 Reenactment) §§ 42-35-7 and 42-35-15.
FACTS/TRAVEL
Plaintiff, Carol Manchester, lives in Newport with her 21 year old daughter, Dawn Correira and her daughter's two children, age 5 years and 3 months. Plaintiff's daughter, Dawn Correira currently receives Supplemental Security Income (SSI) due to an emotional disorder described as manic depression. Because of Dawn Correira's current condition, plaintiff receives her daughter's social security checks as her daughter's "representative payee". Prior to August, 1992, Plaintiff also had received GPA benefits from DHS as an "essential person" in the life of her daughter.[1] However, in August, 1992 DHS eliminated the "essential persons" category from GPA coverage thus severing plaintiff's benefits. Plaintiff thereafter on September 30, 1992, applied for AFDC benefits on the basis that she is a part of the filing unit because she cares for her daughter and her daughter's two minor children. In a Notice dated October 8, 1992, DHS informed plaintiff that her application was being denied because her daughter, Dawn Correira, "is functioning as a provider of maintenance, physical care, and guidance for the children". Plaintiff made a timely request for an administrative hearing which was held on November 19, 1992.
At the administrative hearing, plaintiff testified that her daughter was totally incapable of caring for herself or her children. Plaintiff testified that she had quit her job shortly after her daughter was diagnosed as manic depressive in order to care for her daughter and grandchildren. According to plaintiff she cares for her grandchildren full time and never leaves her grandchildren alone with her daughter for more than 20 minutes at a time. Plaintiff also introduced a report by Dr. Farrell Klein, who has been caring for Dawn Correira for the past two years. Dr. Klein's report indicated that plaintiff had been providing child care for Dawn's children as well as supervising Dawn at home. According to Dr. Klein, without plaintiff in the home to care for the grandchildren, the children would have to be removed from the home.
In the Administrative Hearing Decision issued on February 18, 1993, the hearing officer noted that plaintiff had provided a written statement that she is needed in the home to provide care for the minor children. The hearing officer also noted that example 5 of § 204.30 in the DHS Manual provides that an individual seeking to be included in the filing unit as the loco-parentis relative "must petition the R.I. Family Court and attain the status of legal guardian before s/he can be included in the unit along with the child(ren)'s parent." The hearing officer, therefore, concluded that, pursuant to that section of the AFDC filing unit policy, plaintiff is not eligible for AFDC benefits because plaintiff has not been appointed as a "legal guardian" of either her daughter or her grandchildren by the Family Court.
On appeal plaintiff argues that the section of the AFDC regulations requiring Family Court determination of legal guardianship is violative of 42 U.S.C. §§ 602 and 606 because it imposes an additional requirement on AFDC applicants not anticipated by the federal regulations.
STANDARD OF REVIEW
This Court is granted jurisdiction to review decisions of the Department of Human Services pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15. This statute also mandates the scope of review permitted by this Court. More specifically, section42-35-15(g) provides:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency's decision this Court must not substitute its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence. Costav. Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988);Carmody v. R.I. Conflict of Interest, 509 A.2d 453, 458 (R.I. 1986). Rather, this Court must confine itself to review of the record to determine if "legally competent evidence" exists to support the agency decision. Environmental ScientificCorporation v. Durfee, 621 A.2d 200, 208 (R.I. 1993). "If competent evidence exists in the record considered as a whole, the court is required to uphold the agency's conclusions." Id.,
citing Barrington School Committee v. Rhode Island State LaborRelations Board, 608 A.2d 1126, 1138 (R.I. 1992). Legally competent evidence is defined as the presence of "some" or "any" evidence supporting the agency's findings. Sartor v. CoastalResources Management Council, 542 A.2d 1077, 1082-83 (R.I. 1988). Thus, the Court may reverse factual conclusion of administrative agencies only when they are "totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, the Court may reverse or modify the agency's final decision if it is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record."Environmental Scientific Corp., 621 A.2d at 208, citing §42-35-15(g)(5). Questions of law decided by administrative agencies, on the other hand, are not binding on the court. Narr,Wire Co. v. Norberg, 376 A.2d 1, 6, 118 R.I. 596 (1977). Therefore, this Court "may review questions of law to determine what the law is and its applicability to the facts." Chenot v.Bordeleau, 561 A.2d 891, 893 (R.I. 1989); Carmody, 509 A.2d at 458.
DISCUSSION
At issue on appeal is the method DHS has chosen to determine who is a "caretaker relative". It is undisputed that the Social Security Act allows an individual/relative, other than the natural parent, to qualify as "caretaker relative" of the dependent child. 42 U.S.C. § 606(b). Both parties further agree that a factual determination is required in order for an individual to qualify as a "caretaker relative." DHS, in a note to Example 5 of § 204.30 of the DHS Manual, has expressed its policy for making that factual determination to be as follows:
 when a loco-parentis caretaker relative who does not have legal custody seeks to be included in the assistance unit despite the presence in the home of the child(ren)'s parent(s), the loco-parentis relative must petition the Rhode Island Family Court and attain the status of legal guardian before s/he can be included in the unit along with the child(ren)'s parent(s). (emphasis added).
Plaintiff, however, argues that DHS' policy of requiring a Family Court petition for legal guardianship is inconsistent with and unauthorized by federal law. According to plaintiff, the institution of this additional step narrows the federal standards. Plaintiff maintains that she provided sufficient proof at the administrative hearing that she in fact has assumed and exercises responsibility for the day to day care of the dependent children. Plaintiff, therefore, argues that DHS's presumption that, absent a Family Court legal guardianship determination, plaintiff is not the caretaker relative, is violative of the Social Security Act.
DHS responds that a Family Court legal guardianship determination provides a uniform method and standard for establishing who is the caretaker relative. DHS argues that this method is not inconsistent or in contravention with the Social Security Act because it does not preclude a caretaker relative from establishing their position. Rather, it merely requires that proof to be presented before the Family Court.
As plaintiff points out, a state may not narrow the federally enacted AFDC eligibility standards. If a state regulation excludes an individual otherwise eligible for assistance under Federal AFDC standards than that regulation violates the Social Security Act and is invalid under the Supremacy Clause. Townsendv. Swank, 404 U.S. 282, 286 (1971).
In the instant case, this Court finds that DHS' policy of requiring a Family Court legal guardianship petition does not narrow the federal eligibility standard and thus is valid. The federal regulations have been interpreted to allow AFDC assistance to the individual who demonstrates that "in fact he (or she) has assumed, and exercises, responsibility for the day to day care of the dependent child." Hale v. State,433 A.2d 374, 381 (ME 1981). DHS has determined that the most efficient manner of determining whether an individual has met the above standard is through proof of legal guardianship. In essence, therefore, DHS is merely requiring the applicant to present his/her proof that they in fact care for the day to day needs of the child to the Family Court. Therefore, the Family Court rather than DHS makes the factual determination required under the federal regulations. This Court finds that such a policy is a reasonable method of complying with the federal standards. In addition, this Court finds that it is not overly burdensome on the applicant to obtain the status of legal guardian prior to being included in the filing unit as the caretaker relative. In essence, DHS is merely altering the forum that the applicant must prove his/her relationship with the dependent child. This Court finds that this method is entirely consistent with the federal standards and does not impose an additional requirement on the applicant.
Accordingly, plaintiff's appeal is denied and section 204.30 of DHS Manual is declared to be valid and not in conflict with the Social Security Act.
Counsel shall submit the appropriate order for entry.
[1] Under prior GPA regulations an "essential person" is someone determined unable to work because she must be home to care for a severely disabled family member. In the instant case that severely disabled family member is Dawn Correira.